**TELE–WINE, INC., Plaintiff,**

v.

**FOREMOST SALES PROMOTIONS, INC., Defendant.**

**81 Civ. 0925 (MP).**

United States District Court, S. D. New York.

March 11, 1981.

See also, D.C., 510 F.Supp. 1341.

---

**29.** The exception is the *Headlee* case, discussed *supra.*

Amster, Rothstein & Engelberg, New York City, for plaintiff; Philip H. Gottfried, New York City, of counsel.

Brooks, Haidt, Haffner & Delahunty, New York City, for defendant; Lorimer P. Brooks, New York City, of counsel.

MILTON POLLACK, District Judge.

THE COURT: A motion has been presented to the court herein to stay or to dismiss this action under Rule 12 Fed.R. Civ.P. The motion is in all respects denied for the following reasons:

Tele-Wine, Inc. has a prior pending Federal suit in this District on the identical subject matter involved with the parties in reverse position in the Northern District of Illinois.

Tele-Wine's suit was filed in the Southern District of New York on February 17, 1981. The suit by Foremost against Tele-Wine was filed in the Northern District of Illinois on March 6, 1981. The summons and complaint were delivered in this action to the United States Marshal, who proceeded to effect service thereof on the office premises of Foremost Sales Promotions located at 2140 Boston Post Road, Larchmont, New York on February 18, 1981. The person in charge of the premises at that address operated under the name of Foremost Sales Promotions and Foremost Liquors, gave misleading information to the United States Marshal with respect to the defendant named herein, indicating to the Marshal that the company sued herein was a New York corporation with no connection to the Chicago, Illinois corporation of the same name. In fact, the complaint herein clearly recites that Foremost Sales Promotions is an Illinois corporation.

It sufficiently appears, but the Court does not so hold finally on the merits, that Tele-Wine, Inc. neither does business nor is present in Illinois. That appears sufficiently for the present purposes in the affidavit filed by Tele-Wine in the Illinois proceeding. On the other hand, it is perfectly clear from written materials and advertisements that Foremost Promotions has held itself out and is being held out as doing business under its name in Larchmont, New York. Added thereto it appears from a certified copy of a New York trademark registration that Foremost Promotions has a registered trademark in New York and offers services in New York as a regular business and has done so since 1964. Tele-Wine does not have a mark registered in Illinois, nor is it licensed to do business in Illinois.

Consequently, the prior pending suit ought to receive priority in equity and justice. Foremost makes the contention that the use of its name on the office premises in Larchmont and in advertisements running in New York newspapers is to be read only as being a franchisor and not the owner of the business being portrayed or advertised. Be that as it may, it must for present purposes be deemed to be present in the sense of doing business here under the facts indicated prima facie in the written materials presented to the Court.

It would therefore serve the best interests of justice if the prior pending suit were to be accorded its chronological priority and the issues therein be resolved as between the parties in New York in the first instance.

This Court has been made aware of the consideration given in the Illinois case by Judge Getzendanner and of the application and its disposition for a preliminary injunction thus far considered. It would be unseemly for a competition to develop between the two Courts occasioned by the

competition between the parties, and this Court is reluctant to take any action to enjoin Foremost Sales Promotions from proceeding in Illinois without the express approval thereof or equivalent action by Judge Getzendanner, and this Court will accordingly await advice from the Illinois Court as to its perception of the appropriate disposition to be made in the circumstances. So ordered, March 11, 1981.